In re CERTAIN CARRIERS REPRE-
SENTED BY the EASTERN, WEST-
ERN, AND SOUTHEASTERN CAR-
RIERS' CONFERENCE COMMITTEES
et al.

Misc. No. 41–63.

United States District Court
District of Columbia.

April 5, 1965.

See also D.C., 231 F.Supp. 519.

Milton Kramer, Washington, D. C., for Brotherhoods.

Francis M. Shea, Richard T. Conway and Ralph J. Moore, Jr., Washington, D. C., for Carriers.

HOLTZOFF, District Judge.

The Court has before it a motion made by the Brotherhood of Locomotive Firemen and Enginemen to require the Southern Pacific Company to comply in certain particulars with the award rendered by an Arbitration Board specially created by statute and dealing with the question of employment rights of firemen on diesel engines operating freight trains and with size of train crews. This arbitration was conducted, as just stated, under a special Act of Congress approved on August 28, 1963, Public Law 88–108, 77 Stat. 132. This Act created a special Arbitration Board and submitted the above mentioned questions to it. It provided that the award of the Board should be binding on both the carriers and the organizations of railroad employees that were parties to the dispute and that it should constitute a complete and final disposition of the issues. It also provided that the arbitration should be conducted in accordance with the pertinent provisions of the Railway Labor Act and that it should

be subject to Section 159 of 45 United States Code, which accorded a court review of the award. It provided, further, that for this purpose the United States District Court for the District of Columbia be designated as the court in which the award was to be filed.

The award was made and was filed in this Court. In an action to impeach the award, this Court sustained the award, Brotherhood of Locomotive Firemen and Enginemen v. Chicago, Burlington & Quincy Railroad Co., 225 F.Supp. 11. Its order was affirmed by the United States Court of Appeals for the District of Columbia,[1] and an application for a writ of certiorari was denied by the Supreme Court.[2] Thereafter, a motion was made before this Court in behalf of certain of the carriers to enjoin organizations of railroad employees from instigating or calling a strike in protest against the application of certain provisions of the award. The Court granted the motion, In re Certain Carriers, etc., D.C., 229 F. Supp. 259.

It is the view of this Court that it has authority to enforce the award and to prevent its violation. As the Court understands it, this opinion is not disputed by counsel for any of the parties. It was on this basis that this Court enjoined the organizations of railroad employees from trying to interfere with the application and enforcement of the award and to frustrate it. By the same token, the Court would enjoin the railroads from failing to comply with the award.

 The scope of the authority of the Court in that respect as to both parties is, however, limited by a very important provision. Section 157 of Title 45, United States Code, Paragraph Third, Subsection (c), provides that:

"Upon notice from the Mediation Board that the parties, or either party, to an arbitration desire the reconvening of the board of arbitration * * * to pass upon any controversy over the meaning or application of their award, the board, or its subcommittee, shall at once reconvene."

In other words, any dispute concerning the interpretation of the award or the method of its application must be determined by the Arbitration Board in the first instance. This Court is without power or certainly it should abstain from interpreting the award when any dispute as to its application arises, unless the question of interpretation and construction is resolved first by the Board. This course is quite analogous to the general principle of the necessity of exhaustion of administrative remedies before invoking a judicial remedy. Once a particular interpretation is made and is unambiguous, if either side refuses to comply with it, then of course this Court may implement its confirmation of the award by a proper remedy to compel compliance. This remedy may be an injunction or it may be an order of a different type.

 It must be borne in mind, however, that while this Court may implement the award and compel compliance with it by orders such as have been indicated, it does not follow that this Court would have jurisdiction or would undertake the disposition of individual disputes between individual employees and the employing carriers. Disputes of that type are minor disputes to be determined locally. This Court by its orders can undertake only to dispose of what in the parlance of the Railway Labor Act are referred to as major disputes.

 The Court is informed that the Arbitration Board is about to convene and will be in session next week. Certain questions of interpretation have already been submitted to it. There is time to frame additional questions and submit them. It seems to the Court that, under the circumstances, the Court should hold the present application in abeyance until interpretations may be procured from the

---

1. Brotherhood of Locomotive Firemen and Enginemen v. Certain Carriers, etc., 118 U.S.App.D.C. 100, 331 F.2d 1020.

2. 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187.

Board. If these interpretations are obtained, then the Court may act, if the award as so construed is not being complied with by either side.

The Court is not oblivious to the fact that time is an important element in this matter, to both sides, to the employees and to the carriers as well. The Court assumes that the Board will act with dispatch, because this Board has so acted in the past.

Under the circumstances, the Court will strike the present motion off the list, with the privilege of having it reset on five days' notice after the decision of the Board, provided, however, that the Board, as no doubt it will, acts with reasonable dispatch.