In re CERTAIN CARRIERS, REPRESENTED BY the EASTERN, WESTERN AND SOUTHEASTERN CARRIERS' CONFERENCE COMMITTEES and Certain of Their Employers Represented by the Brotherhood of Locomotive Firemen and Enginemen, Order of Railway Conductors and Brakemen, Brotherhood of Railroad Trainmen, and the Switchmen's Union of North America.

Misc. No. 41–63.

United States District Court
District of Columbia.
Nov. 12, 1965.

Milton Kramer, Washington, D. C., and David L. Uelmen, Milwaukee, Wis., for the Brotherhood.

Francis M. Shea and Richard T. Conway, Washington, D. C., for the Carriers.

HOLTZOFF, District Judge.

The Court has before it a motion by the Brotherhood of Railroad Trainmen for supplemental relief against the Chicago, Milwaukee, St. Paul & Pacific Railroad Company. The supplemental relief requested is an order which the moving party claims is necessary in order to compel the Railroad to abide by and carry out certain provisions of the Award of Arbitration Board 282.

So much has been written concerning the history of this litigation that it would be superfluous to review it at this time any further.[1] There is no question that this Court, in connection with its decree confirming the Award and in connection with the injunction subsequently issued by it, has power to implement its original judgment and its injunction by granting relief to one party or the other in case the Award is being violated. The specific relief asked for in this case at this time is to prevent the Railroad Company from reducing the number of members of the crew on certain trains. The moving party claims that such a reduction is a violation of the Award. If it is, the motion should be granted.

The Arbitration Board is given authority by statute to reconvene from time to time to interpret or construe its own Award. Whatever construction is placed upon the Award by the Arbitration Board is necessarily binding on this Court.

The question presented on this motion has been submitted to the Arbitration Board. The question as submitted read, in part, as follows:

"Did the Chicago, Milwaukee, St. Paul & Pacific Railroad Company violate the provisions of Award 282

1. Brotherhood of Locomotive Firemen and Enginemen v. Chicago, Burlington & Quincy Ry. Co., D.C., 225 F.Supp. 11, aff. 118 U.S.App.D.C. 100, 331 F.2d 1020, cert. den. 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187; In re Certain Carriers. et al., D.C., 229 F.Supp. 259; Certain Carriers et al., D.C., 231 F.Supp. 519; In re Certain Carriers, D.C., 240 F.Supp. 290; In re Certain Carriers, et al., D.C., 241 F.Supp. 1004.

by reducing the crew consist of a conductor and two brakemen to a conductor and one brakeman" on certain trains enumerated in the question, "without complying with Article III of the award rendered by Arbitration Board 282?"

The answer of the Arbitration Board reads, in part, as follows:

"Section 3, Part (a) (2) of the Award bars changes in the scope or application of rules in effect immediately prior to the effective date of this Award requiring a stipulated number of trainmen, whether such rules were established by agreement, interpretation or practice. Where no such rule was in effect immediately prior to the effective date of the Award, this bar does not apply."

Then it goes on to say:

"This construction is applicable only to situations in which there were rules in effect immediately prior to the effective date of the Award which required the stipulated number of trainmen. As the Board indicated in its answer to BRT Question 18, the question of whether such a rule was or was not in effect immediately prior to the effective date of the Award raises an issue of fact to be determined under existing procedures of the Railway Labor Act for the settlement of minor disputes."

This answer is binding upon this Court. In the light of this response of the Board construing the pertinent provisions of the Award, it is inappropriate for this Court to order the Railroad Company to reinstate the composition of the crews as it existed at the time when they reduced the number of members of these crews. To grant the relief asked for would be, in effect, setting aside or ignoring the answer of the Board which construed the Award. Since the law and the Award gives the Board authority to interpret its own Award, its construction is controlling on the Court.

The Court understands that there is pending before this Court an action to impeach this aspect of the Award or this construction of the Award. That is a different matter and will be heard in due course. The Court will be glad to accord a prompt hearing. As things stand now, however, the Court has no power to grant the relief that the Brotherhood asks.

Accordingly, the motion is denied.